```
                              SLIP OP. 07-93
                 UNITED STATES COURT OF INTERNATIONAL TRADE


------------------------------x
ROBERT L. ANDERSON,           :
                              :
          Plaintiff,          :
                              :      Before: Pogue, Judge
     v.                       :      Court No. 05-00329
                              :
                              :
UNITED STATES SEC'Y           :
OF AGRICULTURE,               :
                              :
          Defendant.          :
------------------------------x
```

[Defendant's remand determination affirmed as to result.]

Dated: June 7, 2007.

Robert L. Anderson, Plaintiff pro se.

Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (David S. Silverbrand), for Defendant United States Secretary of Agriculture.

**OPINION AND ORDER**

**Pogue, Judge:** In Anderson v. United States Sec'y of Agric., 30 CIT __, 462 F. Supp. 2d 1333 (2006) ("Anderson I")[1], the court remanded an initial determination from the United States Department of Agriculture ("USDA") denying Plaintiff's application for Trade Adjustment Assistance ("TAA") on the basis of the agency's summary conclusion that Mr. Anderson's net fishing income had not declined during the 2000 to 2003 time period. The court found not in

---

[1] Familiarity with the court's decision is presumed.

Court No. 05-00329                                                    Page  2

accordance with law the agency's refusal to consider Mr. Anderson's claim that his net income, reported on an accrual basis, had declined during the relevant time period.

The USDA filed its first remand determination with the court on December 11, 2006.  Reconsideration upon Remand of the Application of Robert L. Anderson. ("<u>First Remand Determination</u>"). In its first remand determination, the USDA did not, as directed by the court in <u>Anderson I</u>, consider Mr. Anderson's accrual-basis claim, but rather once again found, relying solely on the net fishing income line as presented on Mr. Anderson's tax return as submitted to the Internal Revenue Service ("IRS"), that Mr. Anderson's income did not decline from the marketing year to the qualifying year.  <u>First Remand Determination</u>.  Upon review of the first remand determination, the court again remanded the determination to the USDA, ordering the USDA to comply with the court's initial remand order.  <u>Anderson v. United States Sec'y of Agric.</u>, 30 CIT __, 469 F. Supp. 2d 1300 (2006)("<u>Anderson II</u>").  On February 9, 2007, the USDA issued its second remand determination, finding that using the accrual method of accounting, Mr. Anderson's income did decline over the period from the marketing year to the qualifying year, and as such found that Mr. Anderson would be entitled to a TAA payment.  <u>Reconsideration upon the Second Remand of the Application of Robert L. Anderson</u> ("<u>Second Remand Determination</u>").  The court affirms the results of USDA's second

remand determination.

## DISCUSSION

As discussed in the court's opinion in Anderson I, Mr. Anderson was part of a group of salmon fishermen that had been certified by the USDA as eligible for TAA. To continue the two-part process for obtaining TAA benefits, Mr. Anderson was then required to demonstrate that he was personally qualified for such assistance, by providing evidence to the USDA that his net fishing income had declined over the relevant two-year period. Anderson I, 30 CIT at __, 462 F. Supp. 2d at 1334.

The net fishing income line on Mr. Anderson's IRS returns indicated that his income had actually increased between 2002 and 2003. Id. at 1335. Mr. Anderson, however, provided other supporting information in conjunction with his TAA application. Id.[2] Mr. Anderson claimed that this other information documented that, considered on an accrual basis, Mr. Anderson's net fishing income had actually declined over the period in question. The USDA never considered Mr. Anderson's supporting information, deeming it unnecessary to do so, because the net fishing income line on his tax return had indicated an increase in income.

The court found that the USDA's determination failed to consider an important aspect of the problem presented and was

---

[2]For example, Mr. Anderson cited evidence of delayed payment for fish sold.

Court No. 05-00329                                                    Page 4

therefore not in accordance with law. Id. at 1342. Specifically, the court concluded that the USDA's blind application of its regulation 7 C.F.R. § 1580.102(2004), without any consideration of the fact that applicants can report their income on either an accrual or cash basis, leads to the possibility of the USDA treating similarly situated people differently. Id. at 1339. Additionally, the court explained that in adopting the definition of "net farm income," the USDA did not comment on how the regulatory definition would have the effect of including or excluding people based on their election of cash or accrual accounting, and why such effects would be legally acceptable. Id. at 1342. The court remanded the determination to the USDA in order that the USDA:

> consider the reasonableness of its regulation as applied to Mr. Anderson, in view of the differences in cash versus accrual accounting, the inequities the agency's application presents, and the fact that applicants elect their accounting technique without knowing that it could adversely impact their eligibility for benefits in the future. On remand, the agency shall reconsider its position and may reopen the record to permit an acceptable alternative solution.

Id.

In the USDA's first remand determination, the USDA refused to comply with the court's order. First Remand Determination; Anderson II, 30 CIT __, 469 F. Supp. 2d 1300. In doing so, the agency cited the decision of the U.S. Court of Appeals for the Federal Circuit ("CAFC") in Steen v. United States, 468 F. 3d 1357

Court No. 05-00329 Page 5

(Fed. Cir. 2006) as standing for the proposition that the USDA's "regulatory definition of the term 'net farm income' as applied to fishing income was reasonable and cannot be condemned as arbitrary, capricious, or manifestly contrary to the statute." First Remand Determination at 1 (quoting Steen, 468 F. 3d at 1363). Based on the USDA's reading of Steen, the USDA determined that it had no obligation to evaluate the reasonableness of its application, to Mr. Anderson's accrual-basis claim, of its regulation defining "net fishing income." The agency stated that Steen "explicitly rejected the [P]laintiff's argument that the agency is barred from using the standards applied under the Internal Revenue Code as a basis for makings [sic] its determination of eligibility of cash benefits under the TAA program." First Remand Determination at 2.[3]

Finding that the agency failed to comply with the court's remand order by reading the holding of Steen too broadly, the court once again remanded the matter to the USDA. Anderson II, 30 CIT __, 469 F. Supp. 2d 1300. The court noted that, in Steen, the CAFC explicitly qualified its holding regarding the net fishing income regulation. Specifically, the CAFC stated: "Mr. Steen does not contend that his tax returns distort the net amount of his income

---

[3] Notwithstanding the USDA's assertion that it had no need to revisit the reasonableness of the regulation as applied to Mr. Anderson, the USDA separately found that "based on the evidence in the record, it [was] not possible to surmise how Mr. Anderson's Schedule C's would have been calculated had he chosen the accrual method of accounting, nor is it possible to ascertain whether the IRS would have accepted them if they were submitted in such a manner." First Remand Determination at 2.

Court No. 05-00329                                            Page   6

derived from all fishing sources in the two relevant years . . . ." Anderson II, 30 CIT at __, 469 F. Supp. 2d at 1300-01; Steen, 468 F. 3d at 1364.  Because Mr. Anderson raised just such a claim--that his cash-basis tax returns distorted the net amount of his income derived from all fishing sources in the two relevant years--the court remanded the matter to the USDA for reconsideration consistent with the court's remand orders.  Anderson II, 30 CIT at __, 469 F. Supp. 2d. at 1301.[4]

In the second remand determination the USDA reopened the record, and requested additional documentation from Mr. Anderson, advising him that:

> Acceptable documentation includes supporting documentation from a certified public accountant or attorney, or relevant documentation and other supporting documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency.

Second Remand Determination at 1.[5]  In response to the Department

---

[4] As the court further explained in Anderson II, the agency's action in the first remand was not only wrong on the law; it was also improper procedurally.  The agency is not free to disobey remand instructions by invoking its interpretation of precedent.  Its choices are to ask for rehearing, to accede or to fully comply under protest.  Anderson II, 30 CIT __, 469 F. Supp. 2d. at 1301.

[5] The Department of Agriculture based this advice upon its own regulation, 7 C.F.R. § 1580.301(e)(6).  This regulation explains the form of documentation that can be provided to demonstrate to the agency that an individual producer's net fishing income was less than that during the producer's pre-adjustment year.  The regulations state that an applicant shall provide either:

(continued...)

of Agriculture's request, Mr. Anderson provided a letter from his accountant, with accompanying Schedule C's prepared using the accrual form of accounting (as opposed to the cash form of accounting originally used by Mr. Anderson in his tax returns). Id. at 3. The accountant's statement reconstructed Mr. Anderson's cash-basis tax filing, to present accrual-basis Schedule C's. Id. In the letter, Mr. Anderson's accountant also includes the normal tax-filing disclaimer, stating:

> Our compilation was limited to presenting in the form prescribed by the Internal Revenue Service information that is the representation of the owner. We have not audited or reviewed the financial statements referred to above, and, accordingly, do not express an opinion or any other form of assurance on them.
>
> * * *
>
> This report is intended solely for the information and use of Robert L. Anderson and the United States Department of Agriculture for determining qualification under the Trade Adjustment Assistance for Farmers program, and is not intended and should not be used by anyone other than these specified parties.

Second Remand Determination at 2; Letter from Charles E. Morgan, CPA, Jason, Morgan & Hent, PLLC, to Mr. Anderson (Apr. 6, 2007), Attach. to Pl.'s Resp. to USDA Letter ("Reply Letter").

---

[5](...continued)
(i) Supporting documentation from a certified public accountant or attorney, or (ii) Relevant documentation and other financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency.

7 C.F.R. § 1580.301(e)(6)(2004); see also Second Remand Determination at 2.

In commenting on the information provided by Mr. Anderson in response to the agency's request for additional information, the USDA stated that

> [t]he agency does not regard this documentation which according to his certified public account [sic] only relies upon Mr. Anderson's representations, rather than documentation or other supporting financial data reported to the Internal Revenue Service or another U.S. Government agency, without any audit or review of the statements, in conjunction with the certified public accountant's unwillingness to express an opinion or any assurance on them, as complying with the certification that his net fishing income was less than that during the pre-adjustment year. The very purpose of requiring such documentation is to verify the producer's certification that his income actually declined in order to determine eligibility for cash benefits. Merely presenting Mr. Anderson's representations on Schedule C's does not adequately support his certification that his net fishing income was less than his income in the pre-adjustment year. Furthermore, the certified public accountant's limiting the use of the report to Mr. Anderson and the Department of Agriculture does not meet the requirement in the regulation that the net fishing income be net profit or loss reported to the Internal Revenue Service. 7 C.F.R. § 1580.102 (2004). In addition, it appears that these revisions to his income are not being reported to the Internal Revenue Service.

<u>Second Remand Determination</u> at 3.

Despite this analysis, the agency then determined, based on Mr. Anderson's submissions, that his "income on an accrual basis declined from the pre-adjustment year, 2001, to the most recent marketing year, 2002." <u>Id.</u> at 3. Based on that finding, the USDA further found that "[i]f this Court's decision is the final decision after all opportunities for appeal have been exhausted, based upon an accrual method of accounting . . . Mr. Anderson would

be entitled to a TAA payment." Id. at 4.[6]

Mr. Anderson, in his Reply Letter, stated that he provided information in accordance with the plain language of the USDA's regulation and the agency's request to Mr. Anderson for supporting documentation. Mr. Anderson, a pro se plaintiff, stated, in his response:

> I did provide supporting documentation from a CPA. This supporting documentation was provided to the USDA,(a US government agency). The regulation asked me to provide supporting documentation from a CPA, OR a report prepared

---

[6]The USDA, in its second remand determination, provided no further analysis of the reasonableness of its application of its regulation to Mr Anderson, but rather continued to object to the usage of the accrual method of accounting to determine whether or not Mr. Anderson's net fishing income declined, stating:

> [t]he agency disagrees with the application of the accrual method of accounting in determining whether Mr. Anderson's net fishing income declined, because Mr. Anderson had reported his net fishing income on a cash basis to the Internal Revenue Service, and is only doing so under protest, in accordance with the Court's Order.

Second Remand Determination at 2.

The court notes that in its initial opinion, it had directed the USDA to reexamine the reasonableness of its regulation (and the regulation's interaction with farmers' legal right to choose to report their business income on either a cash or accrual basis), as applied to Mr. Anderson, in light of the fact that the regulation has the effect of treating similarly situated people differently. Anderson I, 30 CIT at __, 462 F. Supp. 2d at 1339; see Former Employees of Merrill Corporation v. United States, 31 CIT __, Slip Op. 07-46 at 27(Mar. 28, 2007). The USDA has yet to make a reasonableness determination, as it first relied on Steen to avoid evaluating the reasonableness of the application of the regulation, and then sidestepped the issue altogether in the second remand determination by stating that it was applying the accrual method "only ... under protest, in accordance with the Court's order." Second Remand Determination at 2. Accordingly, the court considers the issue waived.

>     for, or provided to a US government agency.  I provided
>     both.

Reply Letter at 2 (emphasis in original).

The plain language of the regulation, with which Mr. Anderson sought to comply,[7] supports Mr. Anderson's interpretation. 7 C.F.R. § 1580.301(e)(6)(2004); see Christensen v. Harris County, 529 U.S. 576, 588 (2000)(An agency's interpretation of its own regulation is not entitled to deference when it is contrary to the plain language of the regulation).  The USDA, as indicated by its comments quoted above, seems to believe that its regulations require more than is stated by their terms.  This, however, in addition to ignoring the plain language of the regulation, ignores the court's two previous rulings which require the USDA to evaluate the reasonableness of its application of 7 C.F.R. § 1580.102,[8] upon which the USDA relies for its definition and determination of net income, to Mr.

---

[7] Mr. Anderson claims, and Defendant does not dispute, that his attempts at compliance with the USDA's rules included a conversation with a contact person at the USDA in order to "clarify exactly what the USDA wanted," as the "USDA's letter requesting supporting documentation was not clear to [Mr. Anderson]." Reply Letter at 2 (emphasis in original).  According to Mr. Anderson, he was told "that they wanted me to have a CPA recalculate my 2001 and 2002 fishing income on an accrual basis, using an IRS style format."  Id.

[8] Under 7 C.F.R. § 1580.102, the USDA defines net farm income as "net farm profit or loss, excluding payments under this part, reported to the Internal Revenue Service Schedules C or C-EZ for individuals or taxable income . . . during the tax year that most closely corresponds with the marketing year under consideration." 7 C.F.R. § 1580.102(2004).

Court No. 05-00329                                                    Page 11

Anderson.    <u>Remand Determination</u> at 2; Def.'s Resp. to Pl.'s Comments Upon Remand at 5.  The agency cannot have it both ways.  If it wished to invoke 7 C.F.R. § 1580.102 as a basis for rejecting Mr. Anderson's filing, it was required to explain why its reasons for doing so were reasonable and in accordance with law.

    Despite the USDA's refusal to evaluate the effects of its regulation on individual producers, in light of the fact that farmers are in the unique position of being permitted to choose accrual or cash accounting as a means of reporting their income, and despite the agency's seeming rejection of Mr. Anderson's supporting information, the USDA did approve the granting of TAA benefits to Mr. Anderson pending the exhaustion of the agency's opportunities for appeal.  Therefore, this court affirms the remand determination only as to the results.  <u>See</u> <u>Hontex Enters., Inc. v. United States</u>, 30 CIT__, 425 F. Supp. 2d 1315 (affirming the conclusion of a remand determination, but finding the summary and discussion sections not to be in accordance with the remand instructions).

    SO ORDERED.


Dated: June 7, 2007
     New York, N.Y.                                    _____/s/_____
                                                                               Donald C. Pogue, Judge

```
                           SLIP OP. 07-93
            UNITED STATES COURT OF INTERNATIONAL TRADE


------------------------------x
ROBERT L. ANDERSON,           :
                              :
          Plaintiff,          :
                              :   Before: Pogue, Judge
     v.                       :   Court No. 05-00329
                              :
                              :
UNITED STATES SEC'Y           :
OF AGRICULTURE,               :
                              :
          Defendant.          :
------------------------------x
```

### **Judgment**

This action has been duly submitted for decision, and this Court, after due deliberation, has rendered a decision herein; now, in conformity with that decision, it is hereby

ORDERED that the United States Department of Agriculture remand determination with respect to the application of Robert L. Anderson is affirmed as to the results.

                                         _____/s/_____
                                         Donald C. Pogue
                                              Judge

Dated:   June 7, 2007
         New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                              Deputy Clerk